[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James Bilal (Bilal), brought this action for damages against Maryland Casualty Company (Maryland) and Mike Chatknoff (Chatknoff) in a five count complaint claiming breach of contract, violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and violation of the Connecticut Unfair Trade Practices Act (CUTPA). A revised complaint was filed on March 10, 1994.
The complaint alleges that Maryland, through its agent Chatknoff, issued a fire insurance binder/contract to Bilal on October 10, 1992 to cover property owned by Bilal and located at Nos. 118-120 Shepard Street in New Haven. On October 30, 1992, a fire damaged the property. On August 4, 1993, Maryland denied Bilal's claim for payment under the policy. Bilal alleges that his claim was under the coverage and the defendant provided neither a hearing for a reasonable settlement opportunity nor did it attempt a good faith settlement. CT Page 3170
On April 29, 1994, Chatknoff filed a motion to strike counts two, three, four and five of the revised complaint against him on the grounds that there is no private cause of action under CUIPA and the plaintiff failed to allege a general business practice by the defendant as required by CUIPA, which is a condition precedent to maintain a CUTPA claim. On June 7, 1994, Bilal filed an objection to the motion to strike and a memorandum of law. On that same date, Bilal also filed an amended revised complaint alleging that both defendants were notified of the fire, citing General Statutes, § 38a-816 instead of § 38-61 in the second and fourth counts and alleging that Chatknoff, in addition to Maryland, failed to provide a hearing for settlement and failed to attempt a good faith settlement.
On April 13, 1994, Maryland filed a request to revise the revised complaint of March 10, 1994 and Bilal responded to the request by filing the amended revised complaint on June 7, 1994. Thus, while Chatknoff's motion to strike addresses the applicable allegations of the March 10, 1994 amended complaint, defendant Maryland's motion to strike is directed at the applicable allegations in the amended revised complaint filed on June 7, 1994. A memorandum of decision specifically took into consideration not only the allegations of the complaint but also the allegations of both the revised complaint and the amended revised complaint.
On June 28, 1994, Maryland filed a motion to strike counts two, three, four and five of the June 7, 1994 revised complaint, alleging that those counts failed to state a claim upon which relief can be granted in that no private right of action exists under CUIPA and Bilal failed to allege the existence of a general business practice as required in order to maintain a cause of action under CUTPA.
The factual allegations asserted against each defendant in the applicable counts two, three, four and five are identical. The court, under the circumstances of this case, should not and will not risk the danger of an anomalistic ruling where there is an identicalness of claims and issues.
On July 15, 1994, the court, Zoarski, J., filed a memorandum of decision granting Chatknoff's motion to strike. The court's ruling therein is the law of the case and is herein adopted as to the motion to strike filed by the defendant Maryland. CT Page 3171
Accordingly, defendant Maryland's motion to strike is granted.
BY THE COURT
LEANDER C. GRAY, JUDGE